X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  858-454-4313
Facsimile:  858-454-4314
jon@x-patents.com

Attorneys for Plaintiff 100% Speedlab, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 100% SPEEDLAB, LLC, a California company,<br><br>Plaintiff,<br><br>v.<br><br>H&H SPORTS PROTECTION USA, INC., a California company<br><br>Defendant. | Case No.  **'15CV2620 GPC NLS**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff 100% Speedlab, LLC ("100% Speedlab") for its Complaint against Defendant H&H Sports Protection USA, Inc. ("H&H Sports Protection") avers as follows:

## PARTIES

1. Plaintiff 100% Speedlab is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in San Diego, California.

2. Defendant H&H Sports Protection is a California corporation with its principal place of business at 6032 Triangle Drive, Commerce, California, 90040.

1

**JURISDICTION AND VENUE**

3.  This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., trade dress infringement under the federal Lanham Act, 15 U.S.C. Section 1125(a), and related California state law claims.

4.  This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

5.  This Court has personal jurisdiction over H&H Sports Protection because it has its principal place of business in the State of California.

6.  Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b).

**BACKGROUND**

7.  100% Speedlab manufactures, markets, and sells a line of extremely high-quality motocross goggle products.

8.  On August 26, 2014 United States Design Patent No. D711,960 (the '960 patent) for a "GOGGLE" was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '960 patent is attached hereto as Exhibit A.

9.  The '960 patent has been in force and effect since its issuance.  100% Speedlab has been at all times, and still is, the owner of the entire right, title and interest in and to the '960 patent.

10.  100% Speedlab has manufactured and sold its Racecraft, Accuri, and Strata models of motocross goggles throughout the United States since January 2012.  Each of these goggles includes non-functional design elements in the ornamental shape of the goggle lens and frame that are inherently distinctive and have acquired secondary meaning such that in the minds of the public those design elements identify the source of the product as 100% Speedlab.

11. H&H Sports Protection has visited the offices of 100% Speedlab on multiple occasions in support of its efforts to become a vendor for 100% Speedlab, and is very familiar with the Racecraft, Accuri, and Strata models and their distinctive design features.

12. H&H Sports Protection is marketing and offering to sell throughout the United States a line of goggles under the brand name JUST1 that infringes the '960 patent and 100% Speedlab's trade dress rights.

## COUNT I
## (INFRINGEMENT OF THE '960 PATENT)

13. 100% Speedlab realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

14. H&H Sports Protection has used, manufactured, offered for sale, sold and/or caused to be imported into the United States products which literally and under the doctrine of equivalents infringe the claims of the '960 patent in violation of 35 U.S.C. §271.

15. 100% Speedlab has been damaged and has suffered irreparable injury due to acts of infringement by H&H Sports Protection and will continue to suffer irreparable injury unless H&H Sports Protection's activities are enjoined.

16. 100% Speedlab has suffered and will continue to suffer substantial damages by reason of H&H Sports Protection's act of patent infringement alleged above, and 100% Speedlab is entitled to recover from H&H Sports Protection the damages sustained as a result of H&H Sports Protection's acts.

17. H&H Sports Protection has willfully and deliberately infringed the '960 patent in disregard of 100% Speedlab's rights.

## COUNT II
## (TRADE DRESS INFRINGEMENT)

18. 100% Speedlab realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

Complaint

19. H&H Sports Protection has sold in interstate commerce products, including its JUST1 goggles that are likely to cause confusion among consumers as to their source due to their infringement of the trade dress of 100% Speedlab.

20. 100% Speedlab has been damaged and has suffered irreparable injury due to acts of infringement by H&H Sports Protection and will continue to suffer irreparable injury unless H&H Sports Protection's activities are enjoined.

21. 100% Speedlab has suffered and will continue to suffer substantial damages by reason of H&H Sports Protection's acts of trade dress infringement alleged above, and 100% Speedlab is entitled to recover from H&H Sports Protection the damages sustained as a result of H&H Sports Protection's acts.

22. H&H Sports Protection's acts of trade dress infringement have been willful and deliberate.

## COUNT III

**(Unfair Competition Pursuant to Cal. Bus. & Prof. Code §17200 et seq.)**

23. 100% Speedlab realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein

24. H&H Sports Protection's trade dress infringement constitutes unfair competition under Cal. Bus. & Prof. Code § 17200 et. seq. and has been done willfully with the intent to harm 100% Speedlab.

## PRAYER FOR RELIEF

WHEREFORE, 100% Speedlab prays that judgment be entered by this Court in its favor and against H&H Sports Protection as follows:

A. That H&H Sports Protection has infringed the '960 patent;

B. That H&H Sports Protection has infringed 100% Speedlab's trade dress rights;

  C. Permanently enjoining and restraining H&H Sports Protection, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by H&H Sports Protection from further infringing the '960 patent or 100% Speedlab's trade dress rights;

  D. That H&H Sports Protection's acts of infringement were willful;

  E. For an award of damages adequate to compensate 100% Speedlab for the damages it has suffered as a result of H&H Sports Protection's conduct, including pre-judgment interest and a trebling of such damages due to H&H Sports Protection's willful infringement;

  F. That H&H Sports Protection be directed to withdraw from distribution all infringing products, whether in the possession of H&H Sports Protection or its distributors or retailers, and that all infringing products or materials be impounded or destroyed;

  G. For monetary damages in an amount according to proof;

  H. For interest on said damages at the legal rate from and after the date such damages were incurred;

  I. That this is an exceptional case and for an award of H&H Sports Protection attorney fees and costs;

  J. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff 100% Speedlab hereby demands a jury trial as to all issues that are so triable.

Dated: November 20, 2015  X-PATENTS, APC


        By: /s/Jonathan Hangartner
          JONATHAN HANGARTNER

        Attorneys for Plaintiff 100% Speedlab, LLC